UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**RICKY SMITH,**

          **Petitioner,**

 **vs.**                 **9:03-CV-1265**

**SUPERINTENDENT, Wyoming**
**Correctional Facility,**

          **Respondent.**

---

**Hon. Thomas J. McAvoy,**
**Senior United States District Judge**


## DECISION & ORDER

On October 17, 2003, Petitioner, Ricky Smith, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This petition was referred to the Hon. David R. Homer, United States Magistrate Judge, for a Report-Recommendation, pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4. The Report-Recommendation, dated May 5, 2005, recommended that the petition for a writ of habeas corpus be denied. Pursuant to 18 U.S.C. § 636(b)(1), Petitioner filed written objections to the Report-Recommendation.

When a party objects to the magistrate judge's Report-Recommendation, the Court reviews *de novo* those portions of the findings or recommendations to which the objections are made. See 28 U.S.C. § 636(b)(1); Brown v. Artuz, 283 F.3d 492, 497 (2d Cir. 2002). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]. The judge may also receive further evidence or recommit the matter to the magistrate [judge] with instructions." 28 U.S.C. § 636(b)(1).

Having reviewed the record *de novo* and considered the issues raised in Petitioner's

objections, this Court has determined to accept and adopt the recommendations of Magistrate Judge Homer for the reasons stated in the May 5, 2005 Report-Recommendation. See Report-Rec., dkt. 19.  In his objections, Petitioner raises many of the same allegations that were raised in his Petition for a Writ of Habeas Corpus.  In response to these repeated claims, the Court defers to the Report-Recommendation.  See generally id.

This Court will discuss issues raised by Petitioner's objections which have not already been addressed, and, in doing so, adopts the factual recitation set forth in the Report-Recommendation. See id.  In brief, Petitioner raises four new issues.  First, with respect to Petitioner's repeated claim that he was denied effective assistance of trial counsel, Petitioner adds that his attorney did not attend any meetings or debriefings and his attorney was "always upset because he wanted more money from Petitioner."  See Mot. for Denial of Rec., p. 5 [dkt. # 20].  Petitioner alleges that he suffered prejudice as a result.  See id. pp. 5-6.  Second, Petitioner contends that changes in legislation by the Rockefeller Drug Law Reform Act affect his current sentence.  See id. p. 3; see also Supplemental Traverse [dkt. 18].  Third, Petitioner claims he was prosecuted in violation of the constitutional prohibition against double jeopardy.  See Mot. for Denial of Rec., p. 6.  Fourth, Petitioner alleges his due process rights were violated because the Government did not prove a breach of "the agreement" by a preponderance of the evidence.  See id. p. 8. The Court will address the objections seriatim.

**1. Ineffective Assistance of Counsel**

The applicable two-prong standard for ineffective assistance of counsel is established by Strickland v. Washington, 466 U.S. 668 (1984).  In applying this standard, courts have required habeas petitioners to show that "counsel's performance was so deficient and counsel's errors were

so serious that he or she was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Deboue v. Girdich, 2005 WL 1377949, at *5 (E.D.N.Y. Jun. 09, 2005) (quoting Cuevas v. Henderson, 801 F.2d 586, 589 (2d Cir. 1986)).  The Strickland standard requires a defendant claiming ineffective assistance of counsel to show, first, that the attorney's performance fell below "an objective standard of reasonableness" and, second, that the defendant suffered prejudice because of the deficient performance.  Strickland, 466 U.S. at 688, 693.  The first prong inquires as to "whether defense counsel's actions were objectively reasonable considering all the circumstances." Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000); see also Strickland, 466 U.S. at 688.  This inquiry requires a court to be "highly deferential" to counsel's performance.  Strickland, 466 U.S. at 689.  Moreover, there is a strong presumption that counsel's conduct "falls within the wide range of reasonable professional assistance."  Id.; Maddox v. Lord, 818 F.2d 1058, 1061 (2d Cir. 1987).  To satisfy the second prong, a "defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In addition to the previous allegations by Petitioner in support of his claim of ineffective assistance of counsel, which were addressed in the Report-Recommendation, Petitioner offers two additional reasons why he was denied effective assistance of trial counsel: (1) his attorney failed to attend any meetings or debriefings, and, (2) his attorney was always upset because he was not being paid by Petitioner.  Petitioner contends that he suffered prejudice as a result.

In support of Petitioner's claim that his attorney failed to attend any meetings or debriefings, Petitioner submits the affidavit of Victoria M. White, a Senior District Attorney for the County of

Onondaga. See Mot. for Denial of Rec., Dkt. 20, Ex. G. In her affidavit, Ms. White acknowledges that Petitioner's attorney was unable to physically attend the June 5, 2000 debriefing. However, she also explains that Petitioner was counseled by his attorney via phone on this occasion. Further, and more importantly, Petitioner does not claim that he requested and was denied his attorney's physical presence at the debriefing. Thus, Plaintiff has failed to establish the first prong of the Strickland test. See United States v. Manzo-Andrade, No. 99-1269, 2000 WL 232040, at *1 (2d Cir. N.Y. Jan. 26, 2000) (unpublished decision) (holding that "because appellant [made] no claim that he ever requested and was denied counsel's presence, counsel's failure to accompany him during certain debriefings was not objectively unreasonable"); see also United States v. Ming He, 94 F.3d 782, 793 (2d Cir. 1996)("A defendant is not required to invite counsel to accompany him to a debriefing session, nor is the government prevented from conditioning a cooperation agreement on the defendant's waiver of this protection. In short, defense counsel's assistance is waivable.").

Next, Petitioner alleges that his attorney was upset because he wanted more money. To support this allegation, Petitioner submits a letter from his attorney, Thomas Lenkiewicz, to the Attorney Grievance Committee, written in response to Petitioner's complaint to the Committee. See Mot. for Denial of Rec., Ex. A. While the letter does explain that Petitioner failed to meet his financial obligations to his attorney, Petitioner offers no proof to suggest that this resulted in deficient performance by Mr. Lenkiewicz. Thus, these newly proffered claims do not warrant a finding that Petitioner's attorney provided ineffective assistance. See Morel v. Phillips, 2005 WL 1162911, at *2 (E.D.N.Y. May 17, 2005) (finding invalid a claim of ineffective assistance where the petitioner makes a conclusory statement, with "no basis to conclude that counsel's performance fell below the objective standard of reasonableness"); Angel v. Garvin, 2001 WL 327150, at *1

4

(S.D.N.Y. Apr. 3, 2001) (recognizing that a habeas petition may be denied when the allegations are speculative or conclusory).

Furthermore, assuming arguendo that Petitioner has satisfied the first prong of the Strickland standard on either of the above allegations, he still offers no evidence to suggest that he did in fact suffer prejudice. See United States v. Bari, 450 F.2d 1169, 1177-78 (2d Cir. 1984) (explaining that "wholly conclusory statements" do not demonstrate prejudice).

**B. The Rockefeller Drug Law Reform Act**

Next, Petitioner alleges that the Rockefeller Drug Law Reform Act affects his current sentence. This argument can be summarily disposed of because the Rockefeller Drug Law Reform Act is a state law and therefore not a basis for habeas relief. "A necessary predicate for the granting of federal habeas relief to respondents is a determination by the federal court that their custody violates the Constitution, laws, or treaties of the United States." Rose v. Hodges, 423 U.S. 19, 21 (1975); see also 28 U.S.C. § 2241(c)(3). The Rockefeller Drug Law Reform Act, which makes changes to sentencing in drug cases, is a matter of state–rather than federal–law and is therefore not subject to review by a federal habeas court.

Further, the passage of the Rockefeller Drug Law Reform Act does not affect Petitioner's sentence. Petitioner pled guilty to criminal possession of a controlled substance in the fourth degree, a class C felony. See Pet. for Writ of Habeas Corpus, Attach. Appellant's Br., p.2 [dkt. # 1]. Thus, relevant to Petitioner's claim are the changes to Section 70.70 of the New York Penal Law, "Sentence of imprisonment for felony drug offender other than a class A felony." Because the portions of the Rockefeller Drug Law Reform Act concerning Section 70.70 apply *only* to crimes committed on or after January 13, 2005 and are not applied retroactively, the Rockefeller Drug Law

Reform Act does not affect Petitioner's sentence. See People v. Ward, 809 N.Y.S.2d 678, 680 (3rd Dept. 2006).

### C. Double Jeopardy

Petitioner also alleges, in wholly conclusory fashion, that he is was twice put in jeopardy for the same offense. See Pet. for Writ of Habeas Corpus, p. 6; Mot. for Denial of Rec., p. 6. The Fifth Amendment of the U.S. Constitution provides that no "person shall be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. Amend X. While this is a fundamental right, the Court finds Petitioner's claim to be without merit inasmuch as he makes no indication of how he was twice put in jeopardy for the same offense.

### D. Due Process

Petitioner alleges he has been denied due process because the government did not prove a breach of "the agreement" beyond a preponderance of the evidence. In support of this ambiguous contention, Petitioner cites United States v. Castandea, 162 F.3d 832 (5th Cir. 1998), for the proposition that "[n]onprosecution agreements, like plea bargains, are contractual in nature," and, as such, should be interpreted under the principles of contract law. Castandea, 162 F.3d at 835. However, even assuming that the principle articulated in Castandea applies, Petitioner offers no evidence of any binding nonprosecution or plea agreement. The only agreement that possibly would have resulted in dismissal or reduction of charges, or a recommendation of lesser punishment against Petitioner, was never executed. The signed "Narcotics Bureau Debriefing Agreement" specifically indicates that the District Attorney's Office made "no statements to the defendant or defense counsel with regard to a potential disposition in this case." See Mot. for Denial of Recommendation, Ex. C. Moreover, the transcript from Petitioner's guilty plea and sentencing

6

makes no reference to any non-prosecution, plea, or cooperation agreement. See Answer, Ex. F and G (dkt. 11). Thus, Petitioner's claim that he has been denied due process by the breach of some contract is unsupported.

Therefore, for the reasons set forth in Magistrate Judge Homer's Report-Recommendation, and as set forth above, it is hereby

**ORDERED** that Petitioner's writ of habeas corpus is **DENIED** and his petition is **DISMISSED.**


**IT IS SO ORDERED.**

Dated:   March 30, 2006

_____
Thomas J. McAvoy
Senior, U.S. District Judge